## COMMONWEALTH *vs.* JOHN LANGLEY.

An indictment on *St.* 1855, *c.* 405, § 1, which charges the defendant with keeping and maintaining a tenement on a day named, "and on divers other days and times between that day and the day of finding this indictment," states the time with sufficient certainty, and is supported by evidence of such keeping at any time from the day named to the day of the finding of the indictment, as appearing by the certificate of the clerk indorsed thereon.

An indictment on *St.* 1855, *c.* 405, § 1, which states with sufficient certainty the time of keeping the tenement, is not affected by omitting to insert the words "then and there" in the clause describing the unlawful purposes for which the building was used.

INDICTMENT on *St.* 1855, *c.* 405, § 1, purporting by its caption to have been found "at a court of common pleas, begun and holden at Worcester, within and for the county of Worcester, on the second Monday [ninth] of May in the year of our Lord one thousand eight hundred and fifty nine," and averring that the defendant on the 1st of April 1858, "and on divers other days and times between that day and the day of finding this indictment, at Worcester in said county, did keep and maintain a certain tenement," (described) "used as a house of ill-fame, resorted to for prostitution, lewdness and for illegal gaming, and used for the illegal sale and keeping of intoxicating liquors, said tenement so used as aforesaid being then and there a common nuisance," &c. Upon the back of the indictment was this memorandum, signed by the clerk: "Worcester, ss. Court of common pleas, May term A. D. 1859. Returned by grand jury, May 13th 1859, and filed by order of court."

At the trial in that court before *Perkins,* J., the defendant con-tended " that there was no sufficient allegation in said indict-ment of a keeping and maintaining said common nuisance upon more than one day, and that evidence of such keeping could not be introduced to prove a keeping, &c. upon more than one day." But the court ruled that there was a sufficient alle-gation of a keeping upon divers days, and allowed evidence of such keeping from the 1st of April 1858 to the second Monday of May 1859.

The defendant, being found guilty, alleged exceptions; and also moved in arrest of judgment, " because the allegations in the indictment of the purposes for which said tenement was kept are not set out with time and place ; " and this motion being overruled, again excepted.

*G. F. Verry,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. The indictment alleged the time of keeping and maintaining the nuisance with sufficient certainty, and in a form which warranted the admission of evidence of such keep-ing during all the time from the 1st of April 1858 to the day when the indictment was found, as shown by the certificate of the clerk indorsed thereon. *Commonwealth* v. *Wood,* 4 Gray, 11. The omission of the words " then and there " in the clause de-scribing the uses of the tenement so kept, is of no importance. *Commonwealth* v. *Barker,* 12 Cush. 186. *Commonwealth* v. *Bugbee,* 4 Gray, 206. *Commonwealth* v. *Sullivan,* 6 Gray, 477.

*Exceptions overruled.*